UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ALGERNON PITRE | * | CIVIL ACTION NO. 18-1562 |
| --- | --- | --- |
| | * | |
| | * | SECTION: "J"(1) |
| VERSUS | * | |
| | * | JUDGE CARL J. BARBIER |
| MICHAEL ELLIOT EPPS AND THOMAS | * | |
| COBB | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is the Motion to Compel More Complete Responses to Discovery (Rec. Doc. 6) filed by defendant Michael Elliot Epps. For the following reasons, the Motion to Compel More Complete Responses to Discovery (Rec. Doc. 6) is granted in part and denied in part. Oral argument on the Motion to Compel is cancelled. The Court notes that Epps' Motion to Compel Plaintiff's Deposition (Rec. Doc. 7) remains pending and shall proceed with oral argument on June 27, 2018, unless the parties notify the Court that they have resolved the matter between themselves.

Background

Plaintiff Algernon Pitre is an attorney in Washington DC. On February 18, 2017, Pitre was in the Harrah's Casino in New Orleans, Louisiana. He alleges that he saw celebrity comedian Michael Elliot Epps in the casino and approached him. Pitre says that when he attempted to speak to Epps, Epps began punching him, and then Epps' body guard Thomas Cobb began punching him. According to Pitre, Epps and Cobbs were subsequently arrested and Epps pleaded no contest to battery. Pitre insists he did nothing to provoke Epps and Cobb. Epps says that Pitre physically accosted him by making unwanted physical contact when he touched Epp's arm and came so near their torsos touched.

1

On February 14, 2018, Pitre filed his Complaint against Epps and Cobb asserting claims for negligence, negligent supervision, vicarious liability, intentional infliction of emotional distress, assault, and battery, and seeking damages. Pitre claims he has suffered severe eye damage, lost wages, lost earning capacity, lost employment benefits, lost enjoyment of life, physical pain and suffering, mental pain and suffering, and humiliation. Epps was served with the Complaint and has filed an Answer and Counterclaim against Pitre arguing that he is immune from suit under Louisiana's self-defense statute, Louisiana Revised Statute § 14:19, and seeking to recover his attorney's fees and costs incurred in defending against Pitre's lawsuit. It appears that defendant Cobb has not yet been served. The District Court has set this matter on its July 11, 2018, call docket.

Although no scheduling conference has been set and it is unclear whether the parties have engaged in an initial discovery conference pursuant to Federal Rule of Civil Procedure 26(f), Epps has filed two motions to compel discovery.[1] In the present Motion, Epps seeks more complete responses to the Interrogatories, Requests for Production of Documents, and Requests for Admission that he served on April 3, 2018. Epps argues that Pitre's responses to certain interrogatories are insufficient, that he has failed to respond to the document request, and that none of his discovery responses were verified. Pitre responds that he is in the process of providing responses to Epps's Requests for Production of Documents. He argues that he stands on the objections to interrogatories that he has already served. He says he will verify all of the responses to the discovery requests.

---

[1] In his other motions, Epps seeks a date for the deposition of Pitre. In response, Pitre's counsel says he will coordinate with counsel for Epps to have Pitre appear in the same city that Epps is available to conduct both parties' depositions at the same time. It remains unclear if the parties have resolved this issue, and that motion remains set for oral argument. The parties are cautioned against taking the deposition of Pitre prior to the appearance of defendant Cobb if Pitre intends to proceed with Cobb as a party.

<u>Law and Analysis</u>

1. *Scope of Discovery*

The Federal Rules of Civil Procedure provide that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1). Of note, with the 2015 amendment to Rule 26, it is now clear that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." <u>Id.</u> In assessing proportionality of discovery, the following should be considered: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." <u>Id.</u> The advisory committee comments to the 2015 amendment to Rule 26 make clear that the parties and the court have a collective responsibility to ensure that discovery is proportional. The party claiming it would suffer an undue burden or expense is typically in the best position to explain why, while the party claiming the information sought is important to resolve the issues in the case should be able "to explain the ways in which the underlying information bears on the issues as that party understands them." <u>Id.</u> advisory committee comments to 2015 amendment. "The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." <u>Id.</u>

A party objecting to an interrogatory must state the grounds for objection "with specificity." Fed. R. Civ. Proc. 33(b)(1)(3).

*2. Requests for Production of Documents*

Pitre reports that he is in the process of providing responses to the Requests for Production of Documents. To the extent he has not already done so, he shall provide responses within 15 days.

*3. Interrogatories at Issue*

Epps challenges Pitre's objection to interrogatories 4, 5, 9, 10, 20, and 25, which each raise the same boilerplate objection that "[t]he Plaintiff objects to this Interrogatory to the extent it assumes facts not in evidence, is overly broad, vague, ambiguous, unduly burdensome, oppressive, and is not reasonably calculated to lead to the discovery of admissible evidence." This objection lacks the specificity required by Rule 33(b)(4). It has long been established that "objections to interrogatories [have] to be specific, and general objections that the information sought [is] irrelevant, immaterial, oppressive, conclusory or already in possession of the requesting party [are] insufficient." Wurlitzer Co. (Holly Springs Div.) v. U.S. Equal Employment Opportunity Comm'n, 50 F.R.D. 421, 424 (N.D. Miss. 1970); see Hall v. Louisiana, No. CIV.A. 12-657-BAJ, 2014 WL 2560579, at *1 (M.D. La. June 6, 2014). Further, by reference to the language "reasonably calculated to lead to the discovery of admissible evidence," it parrots language from Rule 26 prior to its 2015 amendment. Admissibility of the information sought is not a threshold issue to determining discoverability.

On the other hand, however, Interrogatories 4, 5, and 10, are so facially overbroad that the Court must sustain Pitre's objection. Interrogatory 4 seeks information regarding Pitre's arrests, convictions, guilty pleas, or citations, including traffic citations, for the past 10 years. The request is not tailored to the facts of this case nor to the discovery of impeachment evidence. Interrogatory 5 seeks information regarding any previous lawsuits for damages filed by the Pitre. The wording

4

of the Interrogatory would seem to implicate lawsuits filed by Pitre on behalf of others, which he has likely done countless times in his role as an attorney. The request is not tailored to the facts of this case and would seem to include a lawsuit filed by Pitre against his homeowner's insurance policy related to a property damage claim or against a contractor for construction work. Interrogatory 10 asks for a chronological identification of all the places Pitre visited in the 12 hours leading up to the incident at issue. While information regarding Pitre's consumption of alcohol or drugs and where he did so in the 12 hours prior to the incident might be relevant, the request as written captures too much irrelevant information (e.g., a visit to a museum). With regard to Interrogatories 4, 5, and 10, the Motion to Compel is denied. Epps may attempt to more narrowly tailor these interrogatories and re-serve Pitre with them.

Interrogatory 9 asks Pitre to describe his health over the past 10 years. Interrogatory 25 seeks the names and addresses of any pharmacy used by Pitre over the past 10 years. Pitre has put his mental and physical health at issue. This makes his past health relevant. If he is prepared to narrow his claim to certain health concerns, it might be possible to narrow his response. Pitre's objection is simply too vague to be sustained. Pitre shall supplement his response to Interrogatories 9 and 25 within 15 days.

Interrogatory 20 asks Pitre to state whether he has retained copies of his tax returns for the past 5 years and, if so, to state his earnings as reported on each return. Pitre has claimed lost wages making his past earnings relevant. The request is reasonably limited to 5 years. Pitre shall supplement his response to Interrogatory 20 within 15 days.

Epps also challenges Pitre's objection to Interrogatory 11 in which Epps seeks the names of individuals with knowledge or possession, custody, or control of any model, plan, map, drawing, motion picture, videotape, or photograph pertaining to any facts in controversy. Pitre objected on

the basis of relevance and reported that he has a videotape that he says both parties have. While it might have been clearer if Epps had asked for any of the listed materials known to Pitre and the location of such material, the request nonetheless seeks relevant information. Pitre must revise his response within 15 days to clarify whether he knows of any other individuals with knowledge, possession, custody, or control of any of the listed materials.

Epps challenges Pitre's objection to Interrogatory 13 which asks Pitre to describe whether he has fully recovered from the alleged injuries, including a description of whether any residual pain has prevented him from doing any activities he could do before the incident. Pitre's response directs Epps to Pitre's response to Interrogatory 6, in which Pitre describes his injuries. Epps asserts that Pitre must clarify whether his response to Interrogatory 13 is complete. The Court agrees. Pitre shall supplement his response to Interrogatory 13 within 15 days.

Epps challenges Pitre's objection to Interrogatory 21, which asks Pitre to identify eyewitnesses, individuals with knowledge of the facts and circumstances of the case, individuals in possession of witness or party statements and individuals in possession of any model, map, drawing, or photograph relative to the facts of the case. Pitre's response directs Epps to the police report. Epps asks Pitre to clarify that he is unaware of any responsive information other than the police report. Epps is entitled to know if Pitre's response is complete. Pitre will supplement his response within 15 days.

Epps challenges Pitre's objection to Interrogatory 22, in which Defendant asks Pitre to identify all his expected witnesses to be called at trial. Pitre responded "none at this time." Epps submits that if this is true, he can move for summary judgment. The Court disagrees. Pitre is not required to identify his trial witnesses at this time if he has not decided who they will be, so long as he identifies them in accordance with Interrogatory No. 21 and in his initial disclosures. Pitre is

under a continuing obligation to supplement his discovery responses and, once the scheduling order is issued, dates will be set for listing trial witnesses and exhibits. The Court will not require Pitre to supplement his response to Interrogatory 22 at this time.

Lastly, Epps challenges Pitre's objection to Interrogatory 24, in which Epps asks if Pitre knows or was familiar with "any other person at Harrah's Casino at issue on the date and at the time of the incident." It asks Pitre to identify the name, address, telephone number, and relationship of such persons. Pitre responded "On the night prior to the incident and leading up to the incident, Mr. Pitre was with a small group of friends." Epps's request is ambiguous. It is not clear if Epps seeks to discover Pitre's companions or whether Pitre was acquainted with any staff at Harrah's or both. Once Epps clarifies, Pitre shall supplement his response within 15 days.

## Conclusion

For the foregoing reasons, the Motion to Compel More Complete Responses to Discovery (Rec. Doc. 6) is granted in part and denied in part as provided herein.

New Orleans, Louisiana, this 22nd day of June, 2018.

                                              Janis van Meerveld
                                    United States Magistrate Judge