UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALGERNON M. PITRE                                CIVIL ACTION

VERSUS                                           NO: 18-1562

MICHAEL ELLIOTT EPPS AND                         SECTION: "J"(1)
THOMAS COBB

## ORDER AND REASONS

Before the Court is a *Motion to Dismiss* **(Rec. Doc. 15)** filed by Plaintiff/Counter-Defendant, Algernon Pitre ("Plaintiff"), an opposition thereto (Rec. Doc. 17) filed by Defendant/Counter-Plaintiff, Michael Epps ("Defendant"), and Plaintiff's reply (Rec. Doc. 22). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL HISTORY

This litigation arises from an altercation between Plaintiff and Defendant that occurred at Harrah's Casino in New Orleans, Louisiana on February 18, 2017. (Rec. Doc. 1). Plaintiff alleges that Defendant punched him three times with a closed fist after Plaintiff approached Defendant to have "a brief, casual conversation." (Rec. Doc. 1 at 2). Plaintiff states that Defendant's bodyguard, Cobb, then "rushed in and repeatedly punched [Plaintiff] multiple times leaving him dazed and injured." (Rec. Doc. 1 at 2). Defendant and Cobb were arrested after leaving the scene, and

1

Defendant pleaded no contest to battery under Section 54-96 of the New Orleans Code of Ordinances on August 24, 2017. (Rec. Doc. 1 at 2). Plaintiff alleges that he "did nothing to provoke or cause [Defendant] and Cobb to act in such an excessive and violent manner." (Rec. Doc. 1 at 2). Plaintiff filed suit against Defendant and Cobb in this Court on February 14, 2018. (Rec. Doc. 1).

In his answer, Defendant denies the allegations in Plaintiff's complaint and asserts a counterclaim against Plaintiff pursuant to Rule 13 of the Federal Rules of Civil Procedure. (Rec. Doc. 4). Defendant alleges that on February 18, 2017, Plaintiff "physically accosted [Defendant] by reaching out and making unwanted physical contact with him" at Harrah's Casino. (Rec. Doc. 4 at 11). Defendant asserts that he removed Plaintiff's hand from his person, but Plaintiff persisted and exchanged words with Defendant "while simultaneously stepping into [Defendant] such that their torsos touched." (Rec. Doc. 4 at 11). This conduct led Defendant to believe that "escalating physical force from [Plaintiff] was imminent and the use of force was reasonable and apparently necessary to prevent the continuing and escalating assault and battery against [Defendant's] person." (Rec. Doc. 4 at 11). Accordingly, Defendant argues that Louisiana Revised Statute 14:19 grants him immunity from civil liability. (Rec. Doc. 4 at 11). Defendant seeks to recover from Plaintiff all statutorily-authorized damages. (Rec. Doc. 4 at 11-12).

## PARTIES' ARGUMENTS

Plaintiff argues that Defendant's counterclaim should be dismissed under Rule 12(b)(6) on two grounds. (Rec. Doc. 15). First, Plaintiff asserts that Defendant's plea

of nolo contendere to the charge of battery in New Orleans Municipal Court is an admission of guilt that precludes Defendant from maintaining an action against Plaintiff in the instant action. (Rec. Doc. 15-1 at 1, 3). Specifically, Plaintiff asks the Court to apply the doctrine of judicial estoppel to prevent Defendant from maintaining that Plaintiff committed assault and battery upon Defendant and that Defendant was merely acting in self-defense. (Rec. Doc. 15-1 at 4). Plaintiff alleges that permitting Defendant to proceed with a counterclaim that stands in "stark contrast" to the nolo contendere claim would undermine and manipulate the judicial process. (Rec. Doc. 15-1 at 5).

Second, Plaintiff argues that Defendant cannot rely on Louisiana Revised Statute 14:19 to support his "vicious attack" on Plaintiff because Defendant's use of force was not reasonable and apparently necessary to prevent a forcible offense against Defendant's person. (Rec. Doc. 15-1 at 1). Plaintiff alleges that because Defendant was the aggressor and makes no assertion that he withdrew from the conflict, Louisiana Revised Statute 14:21 prevents him from maintaining a counterclaim against Plaintiff. (Rec. Doc. 15-1 at 6).

Defendant argues in opposition that Plaintiff's motion to dismiss should be denied because Defendant has stated a claim upon which relief can be granted. (Rec. Doc. 17 at 1). Defendant asserts that he has demonstrated his entitlement to recovery under Louisiana Revised Statute 9:2800.19 because his counterclaim contains sufficient facts to show that his use of force against Plaintiff was reasonable and apparently necessary to prevent a forcible offense against Defendant in accordance

3

with Louisiana Revised Statute 14:19. (Rec. Doc. 17 at 4-5). Defendant notes that Plaintiff's argument regarding Defendant's failure to retreat relates to the weighing of factual assertions and is, therefore, inappropriate under Rule 12(b)(6). (Rec. Doc. 17 at 5).

Defendant also argues that Plaintiff is not entitled to summary judgment in the event this Court looks beyond the pleadings and accepts Plaintiff's unsubstantiated assertion that Defendant pleaded nolo contendere to battery in another court. (Rec. Doc. 17 at 5). Defendant contends that Federal Rule of Evidence 410 precludes Plaintiff's argument that Defendant's nolo contendere plea prohibits Defendant from asserting his counterclaim in the instant action. (Rec. Doc. 17 at 6-7).

Plaintiff raises two arguments in reply. (Rec. Doc. 22). First, Plaintiff re-urges the Court to dismiss Defendant's counterclaim because it is neither accurate nor plausible to raise a self-defense argument. (Rec. Doc. 22 at 2). Plaintiff essentially argues that the facts alleged by Defendant are false. (Rec. Doc. 22 at 2-3). Specifically, Plaintiff asserts that he neither assaulted Defendant when he touched him on the shoulder nor did he initiate further bodily contact with Defendant, and Defendant was the aggressor. (Rec. Doc. 22 at 2). In light of this, Plaintiff argues that Defendant's use of force was not reasonable and apparently necessary. (Rec. Doc. 22 at 3).

Second, Plaintiff argues that this Court has authority to take judicial notice of Defendant's plea of nolo contendere under Rule 12(b)(6). (Rec. Doc. 22 at 4). Plaintiff

contends that the Court can consider the plea without converting the instant motion into a motion for summary judgment because courts deciding 12(b)(6) motions may take judicial notice of matters of public record. (Rec. Doc. 22 at 4-5). Accordingly, Plaintiff urges the Court to employ the doctrine of judicial estoppel and dismiss the counterclaim at issue. (Rec. Doc. 22 at 5).

## **LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.

5

*Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, the court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor*, 296 F.3d at 378.

## DISCUSSION

### I. Nolo Contendere Plea

A court generally may not look beyond the pleadings on a Rule 12(b)(6) review. *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992). However, the court may consider the complaint and documents attached thereto, documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claims, and matters of public record. *Lone Star Fund V (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Jefferson v. Lead Industries Ass'n, Inc.*, 106 F.3d 1245 (5th Cir. 1997); *Clark v. Lafayette Police Dep't*, No. 6:18-CV-0058, 2018 WL 3602974, at *3 (W.D. La. July 11, 2018), report and recommendation adopted, No. 6:18-CV-00058, 2018 WL 3596104 (W.D. La. July 26, 2018). "Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does 'not transform the motion into one for summary judgment.'" *Ricardo v. Bank of New York Mellon*, 2017 WL 3424975, at *3 (S.D. Tex., 2017) quoting *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011); *see also Norris v. Hearst Tr.*, 500 F.3d 454, 461 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

Based on the foregoing, this Court may consider Defendant's plea of no contest to misdemeanor battery in deciding the instant motion to dismiss. Nevertheless, the Court rejects Plaintiff's argument that Defendant's nolo contendere plea in New Orleans Municipal Court is an admission of guilt that precludes Defendant from maintaining the counterclaim at issue.

Federal Rule of Evidence 410 renders certain evidence of criminal history—including a nolo contendere plea—inadmissible against the defendant who made the plea in either a civil or a criminal case. Fed. R. Evid. 410(a). The Fifth Circuit has held that allowing a plea of nolo contendere is intended to permit a defendant to accept a judgment of conviction in a criminal action while preserving his right to deny guilt in a subsequent proceeding. *United States v. Williams*, 642 F.2d 136, 139 (5th Cir. 1981) (citing Advisory Committee Note to Rule 410; 10 Moore's Federal Practice § 410.01(6) at IV-189 (1979 ed.)). "Nolo pleas create a significant incentive for the defendant to terminate the pending litigation in order to avoid admitting guilt for subsequent litigation." *Id.* The Fifth Circuit indicated in *United States v. Williams* that Rule 410's prohibition against allowing the introduction of a plea of nolo contendere against the defendant who made the plea is intended to further this objective and encourage "disposition of criminal cases by compromise." *Id.*

Like a guilty plea, a plea of nolo contendere shortens trial procedure by barring the admission of additional evidence and enabling the court to enter a conviction based solely on the plea. *Fisher v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978); *see generally* 1 C. Wright, Federal Practice and Procedure: Criminal s 177 (1969). "It is

not, however, an admission of guilt. The nolo plea is a statement that the accused is unwilling to contest the case against him. Because of this distinction, the plea of nolo contendere may not be used against the defendant in subsequent civil litigation based on the same acts." *Id*. Accordingly, the Court finds that Defendant's nolo contendere plea may not be used by Plaintiff to prevent Defendant from asserting a counterclaim in the matter presently before this Court.

## II. Failure to State a Claim

The Court likewise rejects Plaintiff's argument that his 12(b)(6) motion to dismiss should be granted because Defendant has failed to state a claim. Defendant bases his counterclaim on Louisiana Revised Statute 9:2800.19, which provides:

> A. A person who uses reasonable and apparently necessary or deadly force or violence for the purpose of preventing a forcible offense against the person or his property in accordance with R.S. 14:19 or 20 is *immune from civil action* for the use of reasonable and apparently necessary or deadly force or violence.
> B. The court shall award reasonable attorney fees, court costs, compensation for loss of income, and all expenses to the defendant in any civil action if the court finds that the defendant is immune from suit in accordance with Subsection A of this Section.

La. Stat. Ann. § 9:2800.19 (emphasis added). Louisiana Revised Statute 14:19 sets forth two circumstances where it is justifiable to use force or violence upon the person of another, including "[w]hen committed for the purpose of preventing a forcible offense against the person […] provided that the force or violence used must be reasonable and apparently necessary to prevent such offense." La. Stat. Ann. § 14:19. The statute goes on to provide that "[a] person who is not engaged in unlawful activity

8

and who is in a place where he or she has a right to be shall have no duty to retreat before using force or violence as provided for in this Section and may stand his or her ground and meet force with force." *Id.* Moreover, "[n]o finder of fact shall be permitted to consider the possibility of retreat as a factor in determining whether or not the person who used force or violence in defense of his person […] had a reasonable belief that force or violence was reasonable and apparently necessary to prevent a forcible offense…." *Id.* A claim of self-defense in non-homicide scenarios requires a dual inquiry: "first, an objective inquiry into whether the force used was reasonable under the circumstances, and, second, a subjective inquiry into whether the force used was apparently necessary." *State v. Pizzalato*, 93-1415 (La. App. 1st Cir. 10/7/94), 644 So.2d 712, 714, writ denied, 94-2755 (La. 3/10/95), 650 So.2d 1174.

Defendant's counterclaim alleges that Plaintiff physically accosted Defendant by reaching out and making unwanted physical contact with him at Harrah's Casino. Defendant further alleges that he removed Plaintiff's hand, but Plaintiff persisted and exchanged words with Defendant. Defendant asserts that Plaintiff then "stepped into" Defendant, such that their torsos touched. Defendant alleges that Plaintiff's actions led him to believe that escalating physical force from Plaintiff was imminent and the use of force against Plaintiff was reasonable and necessary to prevent "the continuing and escalating assault and battery against [Defendant's] person." Accepting the allegations in Defendant's counterclaim as true, it is at least plausible that Defendant's use of force against Plaintiff was reasonable under the circumstances and that Defendant believed the use of force was necessary. Plaintiff

9

argues that Defendant was the aggressor and viciously attacked Plaintiff without cause. While this may ultimately be shown to be true, the Court finds that as alleged and accepted as true, Defendant's counterclaim contains a plausible claim for self-defense.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Dismiss* **(Rec. Doc. 15)** is **DENIED**.

New Orleans, Louisiana, this 23rd day of January, 2019.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE